# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2022

Lyle W. Cayce
Clerk

No. 20-60761
Summary Calendar

———

Artemio Cota-Quintana,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 494 137

———

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Artemio Cota-Quintana, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. He contends that a proper hardship analysis was not conducted in his case

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

because he testified that his children would relocate with him to Mexico and the hardship analysis was based on the finding that his children would not relocate to Mexico. Cota-Quintana challenges the hardship determination, arguing that his children's academic excellence coupled with their inability to read and write the Spanish language compels a finding of exceptional and extremely unusual hardship. While he also argues that an incorrect legal standard was applied and that the BIA abused its discretion by failing to treat similarly situated individuals similarly, these arguments were not presented to the BIA and are therefore unexhausted. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022).

We review the BIA's decision and consider the immigration judge's (IJ) decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Guerrero Trejo v. Garland*, 3 F.4th 760, 774 (5th Cir. 2021). Cancellation of removal is available to applicants who have been continuously present in the United States for 10 or more years prior to filing an application, who can establish good moral character during that time, who have no disqualifying convictions, and whose spouse, children, or parent would suffer exceptional and extremely unusual hardship if the applicant were removed. 8 U.S.C. § 1229b(b)(1).

The hardship determination was not based on a finding that Cota-Quintana's children would not relocate to Mexico. Instead, the BIA and the IJ found that Cota-Quintana's children would experience family separation and loss of economic support regardless of whether they relocated to Mexico but that hardship his children would experience did not rise to the level of exceptional and extremely unusual. While Cota-Quintana testified that his children would need to start a new life and that they do not write or read Spanish, these consequences are not "'substantially beyond the ordinary hardship that would be expected when a close family member leaves this

country.'"  *Guerrero Trejo*, 3 F.4th at 775 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001).  Because there is nothing in the record compelling a finding that his children would suffer exceptional and extremely unusual hardship, substantial evidence supports the determination that Cota-Quintana was ineligible for cancellation of removal.  *See Guerrero Trejo*, 3 F.4th at 775.

Accordingly, the petition for review is DISMISSED in part and DENIED in part.  The Government's motion to dismiss is also DENIED.